ALBANY,
Oct. 1832.

Mechanics'
Bank
v.
Bank of Niag-
ara.

---

### MECHANICS' BANK *vs.* BANK OF NIAGARA.

Where a *mortgagee* assigns to a creditor a portion of the debt secured by the
mortgage, and authorizes him to collect such portion and appropriate it to his
own use, and the *mortgagee* and *assignee* unite in foreclosing the mortgage,
and the proceeds of the sale being *less* than the portion of the debt assigned
are received by the assignee, the *mortgagee* is not entitled to demand any
proportion of such proceeds, although in the assignment there be a proviso
that it shall not be so construed as to prevent the mortgagee from receiving
or disposing of the *residue* of the mortgage monies.

ERROR from the superior court of the city of New-York.
The Bank of Niagara sued the Mechanics' Bank, and declar-
ed in assumpsit for money had and received, money lent, &c.
On the trial, it appeared that the Bank of Niagara held a
bond and mortgage against one A. S. Clarke, bearing date
1st March, 1819, given to them to secure the payment of
$2250. On the 28th March, 1820, by an endorsement on
the bond, they assigned to Seth Jenkins and his asssigns
$1933,61, " of the within bond," and authorized him to de-

ALBANY,
Oct. 1832.

Mechanics'
Bank
v.
Bank of Niag-
ara.

mand and receive the same, and to take all legal means for the collection of the said sum, and when collected, to apply the same to his or their own use and benefit. Then followed a *proviso* in these words : " Provided always, that nothing herein contained shall be so construed as to prevent the said party of the first part (i. e. the Bank of Niagara) from receiving the residue of the sum due, or to become due by the within bond to the said party of the first part, nor from disposing of the same in such manner as they may deem fit ;" and a further proviso, that Jenkins should not commence any proceedings for the recovery of the said sum of $1923,61, until the expiration of four years ; and by an endorsement on the mortgage, they assigned to Jenkins the sum of $1933,61, "of the amount of the within mortgage, in the particular manner described in the assignment of a certain bond accompanying this mortgage, and bearing even date with the same." The interest in the bond and mortgage thus assigned to Jenkins passed, by divers mesne assignments, to the Mechanics' Bank on the 6th May, 1826. In May, 1827, H. B. Potter, acting as the attorney of the two banks, sold the mortgaged premises under a statutory foreclosure of the mortgage for the *nominal* price of $1350, and the two banks executed a deed of the premises to Potter, who in August following conveyed the premises to the defendants. The deed to Potter, after setting forth the mortgage, recited the assignment to Jenkins, stating that "whereas, *a certain interest in the said indenture of mortgage* was" on, &c. assigned to Jenkins, and then set forth the subsequent assignments down to the Mechanics' Bank, proceeding thus : " who thereby became and were and still are *joint owners* with the said president, directors and company of the Bank of Nigara of the said indenture of mortgage. *according to their respective interests* as specified in the aforesaid assignments and the said indenture of mortgage." In August, 1829, the Bank of Niagara commenced their suit against the Mechanics' Bank, and claimed to recover the *proportion* which the unassigned interest in the bond and mortgage bears to the proceeds of the sale, with the interest accrued thereon, which, together, it was admitted, amounted at the time of the trial to $208,63. Jenkins (the assignee of the

ALBANY,
Oct. 1832.

Mechanics'
Bank
v.
Bank of Niag-
ara.

bond and mortgage) was sworn as a witness on the part of the defendants, although objected to, and testified, that in March, 1820, he, as the agent of the Bank of Hudson, went to Buffalo to obtain payment or security for a debt owing by the plaintiffs to the Bank of Hudson, which had been liquidated in the preceding year at between $2200 and $2500; that the plaintiffs first offered the mortgage of Clarke as security for the nominal amount of it, which he refused to accept; whereupon, the assignment in the form it appeared · was made, and other securities were assigned in addition, and part was paid in cash. The chief justice of the superior court charged the jury that the plaintiffs were entitled to their verdict for the said sum of $208,63, and that the testimony of Jenkins could not and did not vary the construction of the deeds or instruments produced in evidence. The jury found accordingly. The defendants having excepted to the charge of the judge, sued out a writ of error.

*S. A. Tallcott*, for plaintiffs in error, insisted that the Mechanics' Bank was entitled to priority of satisfaction out of the proceeds of the sale of the mortgaged premises, and as the premises sold for an amount less than the debt, to secure which the assignment was executed, the Bank of Niagara had no claim upon the Mechanics' Bank. In relation to the admission of Jenkins as a witness, he contended that his testimony was admissible, as well to aid in the construction of the assignment, as to shew the want of equity in the plaintiffs' claim; he cited 1 *Mason*, 11; 3 *Dallas*, 506; 1 *Wendell*, 196; 1 *Cowen*, 144; 19 *Johns. R.* 317.

*S. A. Foot*, for the defendants in error. By the express terms of the assignment, the Bank of Niagara retained an interest in the bond and mortgage of Clarke. In the deed to Potter, which was the joint act of the corporations, it was stated that they were joint owners of the mortgage, which was foreclosed by Potter, acting as the attorney of both banks. The whole interest in the mortgaged premises, as well that of the Niagara Bank as of the Mechanics' Bank, was sold, and

the sum bid for the premises belonged to the two banks in the proportions of their several interests in the mortgage; and the Mechanics' Bank having taken a conveyance of the premises, are responsible to the Niagara Bank for the proportion which the unassigned interest in the bond and mortgage bears to the amount assigned and the proceeds of the sale. The testimony of Jenkins was inadmissible as tending to vary the written agreement of the parties; but if admitted, it does not impair the rights of the plaintiffs.

*By the Court,* SUTHERLAND, J. The legal construction of the assignment from the plaintiffs below to Jenkins, (in whose place the defendants stand,) independently of the parol evidence given upon the trial, it appears to me, entitles the defendants to priority of satisfaction out of the proceeds of the mortgage, to the extent of the interest assigned to them. The plaintiffs were indebted to the Bank of Hudson, whom Jenkins represented, and when called upon for payment or security assigned to Jenkins an interest in the bond and mortgage in question, to the extent of $1933,61, and expressly authorized him or his assigns to take all legal measures to collect *the said sum,* and when collected, to apply it, that is, *the said sum,* to his or their own exclusive use; and then there is an express provision that the assignment shall not be so constructed as to prevent the plaintiffs from receiving or disposing of the *residue* of the sum due or to become due, &c. The assignee was entitled in the first instance to collect $1933,61, and apply it to his own exclusive use, and the residue the plaintiffs were to dispose of as they pleased. The sale under the foreclosure of the mortgage, conducted by the agent and for the joint benefit of both parties, produced less than the amount of the defendant's interest in the mortgage. It appears to me it would be doing great violence to the intention of the parties, to be derived from the very nature of the transaction, to hold that the plaintiffs were entitled to participate in whatever might be realized from the bond and mortgage, although it might amount to less than the interest assigned to Jenkins. But all doubt as to the actual intention and un-

ALBANY,
Oct. 1832.

derstanding of the parties at the time of the assignment is removed by the testimony of Jenkins; to the admissibility of which, I see no legal objection.

Judgment reversed.