## NEW YORK COMMON PLEAS.

Roswell D. Hatch, receiver of the estate of Robert Hogan, deceased agt. Bernhard Wolf.

An order of *reference* made on the ground that the action required the examination of a long account, is not *appealable.*

An action for a *breach of covenant* to keep the premises demised to the defendant in good and tenantable repair, is *referable,* if the examination of a long account is involved.

If the action is referable, the decision of the judge at the circuit upon the question whether or not a long account is involved, will not be reversed on appeal.

*General Term, November,* 1865.

*Before* Daly, *F. J.,* Brady *and* Cardozo, *Judges.*

Appeal from order denying a reference. The complaint averred a lease of a dwelling house by plaintiff to defendant; that in the lease the defendant covenanted at his own cost and expense to keep the house in good repair, and at the expiration of the term leave the house in as good condition as he received the same, reasonable wear and tear excepted; that the defendant failed to keep the house in repair, but certain things were broken, destroyed and injured, by reason of such neglect of the defendant to keep the premises in good repair pursuant to his agreement, to the plaintiff's damage.

The answer was a general denial and surrender before entering. The claim in the action was for sums laid out to repair, in cost of articles, and the employment of various mechanics, to put the house in order. Upon joining issue, the plaintiff moved for a reference, on the ground that an

examination of a long account would be necessary, and the motion being granted, the defendant appealed.

W. H. Newman, *and*
D. M. Porter, *for appellant.*

This is an appeal from an order made by Judge Cardozo referring this action to Joseph J. Marrin, Esq.

The defendant was an alleged tenant of the plaintiff, and the action is brought to recover damages for negligently allowing the premises to get out of repair and be destroyed, and to recover the items of damages therefor.

The action cannot be maintained, except as an action for damages. It is not an action for an accounting. Neither is it an action on an account. The plaintiff's cause of action is for a wrong (a misfeasance or negligence), in permitting the property to be destroyed. (*See Summons and Complaint.*) ·

Such an action is not referable, although it may be necessary to examine a large number of items constituting the plaintiff's claim for damages. (*McMasters* agt. *Booth*, 4 *How.* 427.) Where there is no account, in the ordinary sense of the term, the cause cannot be referred. (*Van Rensselaer* agt. *Jewett*, 6 *Hill*, 373.)

The defendant, as has been said, is sought to be charged for wrongfully permitting the property to be destroyed. Actions for torts are not referable. (19 *Wend.* 108.) In the case of *McCullough* agt. *Brodie* (13 *How.* 346), and in *Cameron* agt. *Freeman* (18 *How.* 310), the court expressly hold : "*An account, in the ordinary acceptation of the word, can alone be compulsorily referred.*" Can these items of damage in this action be held to be an account, in the ordinary sense of the word? An account, in the ordinary sense of the word, implies a contract between the parties relating to the particular demand, and out of which it arose. Here the plaintiff has gone on, and made what he alleges

to be certain repairs and improvements, because of the defendant's alleged negligence, without the knowledge or consent of the defendant. Can such a statement constitute an account? If so, an assault and battery can do so, and the plaintiff make up a long bill of particulars for so many buttons destroyed, repairing pantaloons, and so on, by reason of the assault, &c., and get a reference.

A difficult question of law is sworn to by the defendant, and specified in his affidavit (*Code*, § 271). Answer denies the defendant's liability. (*Van Rensselaer* agt. *Jewett, supra.*)

There is no account between the parties; merely alleged items laid out to repair the effects of the defendant's carelessness and negligence. The right of trial by jury should be held inviolate, and there are especial reasons why this is a cause for a jury.

The order of reference should be reversed, with costs.

R. D. HATCH, *respondent in person.*

I. An order of reference is not appealable. (*Gray* agt. *Fox*, 1 *Code, R. N. S.* 334; *Bryan* agt. *Brennan*, 7 *How.* 359; *Dean* agt. *Empire Ins. Co.* 9 *Id.* 69; *Tallman* agt. *Hunt*, 10 *Id.* 89.) All in point, and cited by INGRAHAM, F. J., in *Ubsdell* agt. *Root* (1 *Hilton*, 173.) " It rests in the discretion of the judge who hears the motion whether to refer it or not, and the exercise of such discretion is not the subject of review by the general term, as a matter affecting the merits." (INGRAHAM, *F. J., Ubsdell* agt. *Root*, 1 *Hilton*, 173.) " Such an order does not involve the merits of the action." (HILTON, *J., Baker* agt. *Nausman*, 1 *Hilton*, 546; *Conlan* agt. *Latting* [WOODRUFF, *J.*], 3 *E. D. Smith*, 348.) No certificate was obtained from the justice at special term that he deemed the question of sufficient importance to render a review necessary, under the rule of the court, "for regulating the review of questions of practice

decided by a single judge." But if the court should hold the order appealable, then we submit that—

II. Under the broad provisions of the Code (§ 271), a reference may be ordered in *any* action, if the trial will require the examination of a long account. The Code is broader than the Revised Statutes. By the latter, the court could only refer where the action was "founded on contract." (2 *R. S. vol.* 2, *p.* 480, 3*d edition.*) Under the Code there is no restriction, and any action, even one founded on *fraud*, may be referred. (*Sheldon* agt. *Wood*, 3 *Sand.* 730.) On a motion for a provisional remedy, the court may direct a reference to hear and decide the issues in the action. (*Jackson* agt. *DeForest*, 14 *How.* 81.) A reference can be compelled where the court can see that the trial *must necessarily* involve the examination of a long account. (*Keeler* agt. *Pough. P. R. Co.* 10 *How.* 11; *Sheldon* agt. *Weeks, N. Y. Leg. Obs.* 248; *Conlan* agt. *Latting*, 3 *E. D. Smith*, 348; *Bowman* agt. *Sheldon*, 1 *Duer*, 607; *Masterton* agt. *Howell*, 10 *Abb.* 118; *Wells* agt. *Thursby*, 11 *How.* 113.) In an equitable action to set aside a conveyance on ground of *fraud*, the court, in its discretion, ordered the issue to be tried by a referee where the circuit calendar was crowded. (*McMahon* agt. *Allen*, 10 *How.* 384.) The question whether the trial of an issue of fact will require the examination of a long account, is a question to be determined summarily upon application to refer. (*Dean* agt. *Empire Mut. Ins. Co.* 9 *How.* 69.) The allegation in the moving affidavit, made by the attorney, that the trial would necessarily involve the examination of a long account, is sufficient to authorize the court to order a reference, and such order is not appealable. (*Id.*)

III. The authorities cited from *Wendell* by the appellant were before the Code and under the Revised Statutes, and not applicable to the present system.

IV. There are forty-six items, separate and distinct, different bills, paid to various mechanics in putting the

Luling agt. The Atlantic Mutual Insurance Co.

premises in order. It would be impossible for the jury to recollect them, unless by taking notes.

V. The order appealed from should be affirmed.

DALY, F. J. This is not an action for a *tort*, but for the breach of a covenant to keep the premises which had been demised to the defendant in good and tenantable repair, and the order directing a reference, upon the ground that it required the examination of a long account, is not an order affecting the merits, or which involves a substantial right, and is not appealable. (*Dean* agt. *Empire Mut. Ins. Co.* 9 *How.* 69 ; *Bryan* agt. *Brennan,* 7 *Id.* 359 ; *Ubsdell* agt. *Root,* 7 *Hilton,* 173.) Even before the Code there might be a reference in an action of covenant, if the examination of a long account were involved. (*Diederich* agt. *Richly,* 19 *Wend.* 110 ; *Bloom* agt. *Potter,* 9 *Wend.* 410; *Thomas* agt. *Reab,* 6 *Wend.* 503.) And if the action is one in which a reference may be ordered, the order of the judge at the special term upon the question, whether the examination of a long account is or is not involved, is not one which the court will reverse on appeal. (*Smith* agt. *Dodd,* 3 *E. D. Smith,* 348 ; *Kennedy* agt. *Hilton,* 1 *Hilton,* 546.)

Defendant's appeal dismissed.

Judge BRADY dissents.