The facts are simple. On the 26th of October, 1877, the insurance company owned two bonds and mortgages, one for $12,000 of principal, made by C., the other of $92,000, by K., both bearing interest and not then due. On that day, by separate instruments, it transferred them "together *Page 79 
with all its right, title and interest in and to said bonds and mortgages, and all moneys due and to become due thereon for principal, and to the premises described therein, because of said mortgages," to the trust company, to be held and retained by it as a security for the holders of policies in the insurance company, until, among other things, other securities were substituted, "or its obligations to holders of policies settled and discharged," but reserving to itself "the right to collect and receive any and all interest which may become due and owing upon the principal sum named in said mortgages, and to retain such interest, when received, for its own use. It also provided that upon request the trust company should permit the foreclosure of the mortgages in its name, "on being indemnified by the insurance company against the costs and expenses of such foreclosure; and in the event that any part of the principal of said mortgage is paid or collected, then said Farmers' Loan and Trust Company is to hold the proceeds of such payment or collection" for the purpose before stated.
In September, 1878, the insurance company assigned its property to Ritter for the benefit of its creditors, and he in that capacity became indebted to the plaintiffs for professional services other than those connected with the mortgages. In November of that year, at his request as assignee, the bonds and mortgages were delivered by the trust company to the plaintiffs, to be enforced by foreclosure. On C.'s mortgage $1,175.82 was due at the time of sale, and the mortgaged premises produced only $1,000. On K.'s mortgage the interest amounted to $13,800, and the premises sold for $5,000. In the first case $389.13, and in the other $4,068.25 was paid to the plaintiffs as attorneys in the proceedings, and were the sums realized after payment of taxes, costs of foreclosure and referee's fees. It is thus apparent that the money applicable upon these mortgages is, in each case, less than the interest, and with proper allegations this action was commenced to have it determined, first, whether the trust company, or Ritter as assignee of the insurance company, was entitled to it; and second, if the latter, then for an accounting with him in respect *Page 80 
to the indebtedness above referred to. The trial court held that the money should be paid to the trust company, and that decision having been affirmed by the General Term, the plaintiffs appeal.
Although the insurance company and Ritter, its assignee, acquiesce in the judgment which has gone in favor of their co-defendant, the trust company, and against themselves, the question involved must still be treated as between Ritter as assignee and the trust company. For if Ritter has no valid claim upon the money in the plaintiff's hands, the action must fail. They are merely his creditors and claim to have through that relation a certain equity in the fund. Ritter's position as assignee is not different from that taken by the insurance company upon the execution of the assignments. It must be assumed, therefore, that there were policy-holders to be protected, and in the absence of evidence to the contrary, that the trust, and the security for it, still continues. It is also true, as the appellants claim, that the trust embraced only the principal of the mortgages, and as they secured also such interest as might accrue, the case may be regarded in the aspect most favorable to the appellants, as one where part only of a debt has been assigned, the assignor reserving the other part to itself. In such case it is obvious the parties must either sharepro rata in the security, or one must have priority over the other. It seems most reasonable that in the absence of a plain declaration to the contrary, it should be applied first to the payment of that part of the debt which was assigned. (VanRensselaer v. Stafford, Hopk. 569; Bryant v. Damon, 6 Gray, 564.) Otherwise since the mortgaged land was not sufficient to satisfy both, the assignor would gain priority over itscestuis que trust. The injustice of such a claim is manifest. It is not warranted either by the words of the assignment, or any intention which can be implied from them. One recites the mortgage as given to secure the principal sum of $12,000; not only transfers, in the most comprehensive words, the entire mortgage, but includes in terms all its right and interest in the bond and mortgage, and all moneys due or to become due for principal, and *Page 81 
even the premises described therein. Nothing is reserved from it, and the whole, whether in its then condition as a pecuniary obligation, or as replaced by other securities, or converted into money, is to remain solely with the trust company. Until the trust was discharged nothing was left to the assignor. So is it with the other.
Reliance is placed by the learned counsel for the appellants upon the clause by which is reserved to the insurance company the right to collect and receive all interest which may become due, and owing upon the principal. But this relates to payments of interest by the debtor in compliance with his contract obligation. So paid it would not diminish the security, or exhaust the source from which the principal might be drawn. It would leave the interest of the policy-holder the same as at first. It cannot relate to a payment obtained by process of law, out of the property pledged for the principal sum. That was to be unimpaired, and so the arrangement provided that if any part of the principal should be paid or collected, the part so paid should be still held under the original trust. Such a provision as this becomes unimportant, if by the mere accumulation of interest for the benefit of the assignor, the whole property be taken away. In Mechanics' Bank v. Bank of Niagara (9 Wend. 410), the assignment was of a part of a mortgage debt, with a proviso that it should not be so construed as to prevent the mortgagee from receiving or disposing of the residue mortgage moneys. Upon foreclosure there was not enough to pay the assignee, and it was held the assignor could not share. The principle applies here. The land out of which the money in controversy was drawn was specifically pledged for the principal and must stand in place of the security. No doubt the general rule is that payments are to be applied first to extinguish the interest. That is the rule between debtor and creditor. It may be different between third parties, and has no application in a case like the present. The payment was not contributed by the debtor outside of the mortgage, but produced from the mortgaged premises by legal process. It should go into the hands of the trustee. The decision of the court below carried out *Page 82 
the intent of the parties as declared not less by the nature of the transaction, than the words used by them in effecting it.
The judgment appealed from should be affirmed.
All concur, except EARL, J., not voting.
Judgment affirmed.