JOHN HANSON, Appellant, v. BURTON G. WINTON, Respondent.

*Supreme Court, First Department, General Term, July 9, 1889.*

*Mortgage. Assignment.*—Where an assignment of the sum of $500 out of the money due and to grow due out of a mortgage of $2,800, is made by the mortgagee to the defendant, the intent is to insure to the defendant the receipt of $500, in case so much should be realized upon the mortgage.

Appeal from a judgment rendered at a special term dismissing the complaint on the merits.

*Alaxander Thain*, for appellant.

*M. A. Vosburgh*, for respondent.

BARTLETT, J.—The plaintiff in this action was the owner of a bond and mortgage for $2,800. He assigned an interest under this mortgage to the defendant, to secure the payment of $500. The defendant has collected $348 on account of the mortgage ; and the question upon which this appeal turns is whether he is entitled by virtue of the assignment to retain this entire amount.

The evidence in the case is very meagre. There is no proof of any prior indebtedness for which the assignment was intended as security, such as existed in the case of The Mechanics' Bank v. Bank of Niagara (9 Wend. 410.) The consideration specified in the assignment is $1 and there is nothing to show what was the real consideration. But the terms of the instrument itself plainly import an intention that the assignee of the mortgage shall be paid $500 out of the proceeds thereof before the assignor is entitled to receive anything. The precise thing which the plaintiff

assigns to the defendant is "the sum of $500 out of the moneys due and to grow due" out of the mortgage. The purpose of the instrument was not to convey to the defendant an interest in the proceeds of the mortgage which should be proportionate to the ratio which the sum of $500 bears to $2,800, but the main object evidently was to insure to the defendant the receipt of $500 if so much should be realized upon the mortgage.

The plaintiff seeks in this suit not only an accounting from the defendant with reference to the moneys collected by him on account of the mortgage, but also to charge the defendant with half the costs of the foreclosure suit which he alleges that he prosecuted in the defendant's behalf as well as his own. It does not appear, however, that these costs have ever been paid by the plaintiff or that the plaintiff was put to any expense in the prosecution of the action either at the request of the defendant, or otherwise; and hence there is no basis for a recovery on this ground.

We think the court below took the right view of the case, and that the judgment should be affirmed with costs.

VAN BRUNT, Ch. J., concurs.