GABRIELE PERILLO, Respondent, *v.* GIULIO ZUNINO, Appellant.

(Submitted March 17, 1932; decided April 26, 1932.)

*Samuel D. Cohen* and *Francis L. Valente* for appellant. The Appellate Division was in error in reversing the order of the Special Term and in rendering judgment for the plaintiff and against the defendant in view of the allegations contained in the amended answer. (*Lowenfeld* v. *Wimple*, 139 App. Div. 617; 203 N. Y. 646; *Clare* v. *New York Life Ins. Co.*, 178 App. Div. 877; *State Bank* v. *Smith*, 155 N. Y. 185; *Thomas* v. *Zahka*, 181 App. Div. 173.)

*Floyd Martin Sheffield* for respondent. The complaint sets forth a cause of action for an accounting and plaintiff is entitled to an accounting. (*Reading* v. *Haggin*, 58 Hun, 450; *Rice* v. *Peters*, 128 App. Div. 776; *Marvin* v. *Brooks*, 84 N. Y. 71; *Talmudic Literature Publishers, Inc.*, v. *Lewin*, 226 App. Div. 1; *Snyder* v. *Parmalee*, 80 Vt. 496; *Morton* v. *Blades*, 154 N. C. 336; *Hubbell* v. *Blakeslee*, 71 N. Y. 63.) The facts set forth in the amended answer do not constitute a defense. (*Potts* v. *Lambrie*, 138 App. Div. 144; *Pope Mfg. Co.* v. *Rubber Goods Mfg. Co.*, 110 App. Div. 341; *Speare's Sons Co.* v. *Casein Co.*, 53 Misc. Rep. 58; *Harrison* v. *Burlingame*, 48 Hun, 212; *Strever* v. *Earl*, 60 Hun, 528; *Irvin* v. *West*, 50 Fed. Rep. 362; *First Nat. Bank* v. *Radford*, 80 Fed. Rep. 569.)

CRANE, J. The Pollodoro Restaurant Co., Inc., was the owner of premises 163 West Forty-eighth street, in the borough of Manhattan, city of New York, which was subject to a first and second mortgage aggregating $115,000. For money loaned it executed and delivered to the defendant Giulio Zunino its bond, dated December 12, 1922, payable

in one year for the sum of $23,000, secured by a third mortgage on said premises in the sum of $46,000, which third mortgage was subject to the said first and second mortgages aggregating $110,000 (*sic*). Thereafter, the defendant made and executed certificates of participation in and to the said $23,000 bond and $46,000 mortgage, one of which certificates he sold and delivered to Giavacchino Pieri for $2,770 on June 7, 1923. The sale or assignment was by a sealed instrument containing the above recitals and the following in reference to the $23,000 bond and the mortgage:

" This bond and mortgage are held by the mortgagee [the defendant] in his own right and as depositary and agent for the holders of such certificates as he may issue, which certificates shall never aggregate more than the amount of principal remaining unpaid on said bond and mortgage, upon the following terms and conditions, which are agreed to by the holder of this certificate.

" 1. The mortgagee holds and shall continue to hold said bond and mortgage and other instruments and evidences of title relating thereto for the benefit of himself and the holders of such certificate as he may issue.

" 2. The mortgagee upon receipt of the interest and principal of said bond and mortgage shall distribute the same *pro rata* among the persons entitled thereto.

" 3. The mortgagee shall have full power to take any action he may deem necessary or desirable in order to enforce the mortgage security."

This certificate Pieri duly assigned to the plaintiff Gabriele Perillo.

The third mortgage having been satisfied and Perillo not having been paid, he commenced this action against Zunino, who set up the above facts in his answer, and further alleged that as it became necessary for the defendant to advance further moneys to the Pollodoro Restaurant Co., Inc., to continue it in business, he had satisfied the $23,000 mortgage or bond for that amount and

the mortgage securing it and had taken other and additional mortgages without having paid the plaintiff his share. The corporation, he pleaded, executed and delivered to him its bond for $83,000, payable May 17, 1925, secured by its mortgage on the premises 163 West Forty-eighth street, for the sum of $41,500 and in accordance with the agreement "discharged of record the mortgage made by the Pollodora Restaurant Co., Inc., for $23,000, dated December 12, 1922, and took in its place and stead the mortgage for $41,500, and the bond for $83,000, each made and executed by the Pollodora Restaurant Co., Inc., above described."

Again the Pollodoro Restaurant Co., Inc., needed financial assistance to save it from bankruptcy and avoid a loss to its stockholders, mortgagees and creditors, and it thereupon sold the premises to the Len Roy Realty Corporation for the sum of $150,000, subject to a first mortgage for $61,000 and to a purchase-money second bond and mortgage for $86,000, to mature November 1, 1935. Upon this sale the $41,500 mortgage, the substitute for the $23,000 mortgage, was canceled and discharged of record. This answer of the defendant alleges that although the $23,000 mortgage, in which he gave the plaintiff a participating certificate and its substitute, the $41,500 mortgage, had been satisfied of record, the bond of the Pollodoro Restaurant Co., Inc., to secure which the $23,000 mortgage was given, is still in full force and effect and being held by the defendant for the benefit of the plaintiff and others similarly situated.

We agree with the courts below that this amended answer furnishes no defense to the action for an accounting, and that the defendant violated his agreement with the plaintiff's assignor to hold the $23,000 mortgage for the benefit of himself and the holders of the certificates; and that the only power he had thereunder was to enforce the mortgage security for payment. But he had no power to satisfy it or any mortgage received with the

acquiescence of the plaintiff in its place without payment, leaving as the only security the bond of the restaurant company. Upon an accounting he may be charged for the consequent damages of his breach of trust or required to hold the proceeds for the benefit of the plaintiff. The Appellate Division granted judgment on the pleadings for the face value of the plaintiff's certificate, $2,770 and interest. The plaintiff is not entitled to this amount unless the certificate which he held was worth its face value. It might have been worth nothing; the defendant's default or breach of the contract would not increase its value and all that the plaintiff would be entitled to as his damage would be his actual loss. The defendant alleges that the Pollodoro Restaurant Co., Inc., was on the verge of bankruptcy and could not pay its creditors. The third mortgage to secure $23,000 would be worth the value of the equity over and above the first and second mortgages, amounting to $110,000. The plaintiff's certificate, at the face value of $2,770, would, of course, be worth the aliquot part of the value of this third mortgage. To ascertain this value calls for examination and proof.

The judgment of the Appellate Division should, therefore, be modified by granting an interlocutory judgment for an accounting in accordance with this opinion, and as so modified affirmed, with costs to abide the event.

POUND, Ch. J., LEHMAN, O'BRIEN and HUBBS, JJ., concur; KELLOGG, J., not sitting.

Judgment accordingly.