ANNA C. FISHER, as Executrix, etc., of SARAH A. CONNOR, Deceased, Plaintiff, *v.* TITLE GUARANTEE & TRUST COMPANY, Defendant.*

Supreme Court, Trial Term, New York County, April 15, 1941.

*Clark, Carr & Ellis* [*Paul A. Crouch* of counsel], for the plaintiff.

*Milbank, Tweed & Hope* [*William J. Junkerman, John M. Friedman* and *George L. Knight* of counsel], for the defendant.

HOFSTADTER, J. This action is brought by the owner of two mortgage certificates representing the entire interest in a bond secured by a $12,000 mortgage on a house and lot in Bronx county. These certificates in the usual form (see *Title G. & T. Co.* v. *Mortgage Comm.*, 273 N. Y. 415, 419) were issued by the defendant Title Guarantee & Trust Company to the plaintiff's testatrix in 1928 and were guaranteed both as to payment of principal and interest by Bond and Mortgage Guarantee Company.

The owner of the premises thereafter defaulted in the payment of interest and taxes. The complaint alleges that the defendant breached its duties as *agent* and depository of the plaintiff by its failure and neglect to take the necessary action to enforce the provisions of the bond and mortgage or to protect the mortgage security. It is also asserted that an assignment of the mortgage by the defendant to the Municipal Mortgage Company (a wholly owned subsidiary) was a conversion of the plaintiff's property.

With respect to the first contention of the plaintiff, the action is necessarily predicated on the theory that under the certificate the defendant is the agent of the certificate holder to collect the principal and interest due under the bond and mortgage. To establish and refute this proposition both parties rely on the case of *Strebler* v. *Title Guarantee & Trust Company* (277 N. Y. 730). And, indeed, the holding in that case is controlling here. In view of the fact that no opinion was written, the court has examined

the record on appeal and the briefs to ascertain what the precise holding was.

In that action the plaintiff sued on two causes of action involving different mortgages. The first cause of action set forth two grounds of recovery; the first, that as plaintiff's agent the defendant failed to collect the guaranteed mortgage certificate at maturity either from the owner of the mortgaged premises or from the guarantor of the certificate; and the second ground of recovery advanced was that the defendant, without the consent of the plaintiff, extended for three years the bond and mortgage of which the plaintiff's certificate was an undivided part.

The second cause of action was for money had and received. The plaintiff also owned another mortgage certificate in the sum of $12,000; and upon default on the part of the owner, Bond and Mortgage Guarantee Company paid the principal due and the defendant assigned to it the bond and mortgage. However, instead of collecting this amount, the defendant permitted the guarantee company to retain it and deposit the sum in its general account with the defendant. The amount sought to be recovered was the interest accruing during the period of retention. The obvious theory of that cause of action was that the defendant as plaintiff's agent was obliged to collect the principal and hold it for the benefit of the plaintiff.

The trial court in an unreported opinion held for the plaintiff in both causes on the stated ground that the Title Guarantee & Trust Company was the agent of the plaintiff and that it could not relieve itself of its contractual obligations by delegating the performance thereof to Bond and Mortgage Guarantee Company; and in the first cause of action on the further ground that the defendant had no authority to extend the mortgage without plaintiff's consent. On appeal the judgment entered thereon was affirmed, without opinion (250 App. Div. 846). The Court of Appeals, also without opinion, modified the judgment by deducting the sum recovered in the second cause of action.

The *apparent* inconsistency is dissipated by an examination of the record. In its brief, the defendant-appellant specifically *conceded* its liability in the first cause of action by reason of the unauthorized extension of the mortgage and argued only on the question of damage. On the other hand, both parties agreed on the proposition that recovery in the second cause was predicated on a holding that the defendant was the agent of the plaintiff to collect the principal and interest due upon the certificates. On this state of the record it is clear that the court rejected the fact of agency and accordingly reversed the judgment in the second

cause of action and then affirmed the question of the amount of damage awarded on the *conceded* wrong set forth in the first. The contrary ruling in the courts below as to the existence of agency must be disregarded, as an affirmance without opinion merely adopts the result and not the reasoning of the lower courts. (*Matter of Clark*, 275 N. Y. 1, 4.)

The case at bar cannot be distinguished, as a determination involves the construction of documents *in hæc verba* — the guaranteed certificates issued by the defendant and the policy of guaranty of Bond and Mortgage Guarantee Company. The court is thus constrained by the ruling in the *Strebler* case to hold here that the defendant is merely the custodian of the muniments of title and not the agent of the plaintiff to collect the principal.

By the terms of the policy of guaranty, upon its acceptance by the insured, the guarantor is specifically designated the irrevocable agent of the insured to collect the principal and interest as well as to enforce the mortgage obligation. The term " insured " is stated to include both the title company and those to whom certificates are sold. By the conditions of the policy the insured are bound to permit the guarantor " to collect all interest and the principal secured by said bond and mortgage, and to refrain from collecting any part of the interest or principal;" and further the guarantor " is authorized to enforce payment in the name of the insured, from time to time, of any sums which may be or become due under said bond and mortgage."

The plaintiff, as a certificate holder, is bound by the terms and conditions of this policy. The *rationale* of the holding in the *Strebler* case is that the obligations of the defendant and the rights of the plaintiff are defined by recourse to the provisions of *both* the certificate and the policy of guaranty. As so construed the defendant has no duty to collect either the principal or interest, and accordingly it may not be held liable for the alleged negligence of Bond and Mortgage Guarantee Company in the prosecution of the foreclosure action instituted by it.

Nor has the plaintiff established any act of conversion by the assignment of the mortgage for the purpose of foreclosure. Municipal Mortgage Company, the assignee, was a wholly owned subsidiary of the defendant. Patently the assignment was one of convenience only and not in denial of any right of the plaintiff as no *property* right passed by virtue of the assignment. This corporation was customarily used as a nominal plaintiff in the foreclosure of guaranteed mortgages conducted by Bond and Mortgage Guarantee Company to differentiate between actions instituted by the defendant in its corporate and other capacities.

Under the provisions of the policy of guaranty (which are binding on this plaintiff) the guarantor had the right to requisition the bond and mortgage and to institute foreclosure in the name of the insured. In fact the securities were turned over to the guarantor and not to the assignee — and there could be no possible damage arising from a purely formal assignment so as to permit — for bookkeeping reasons — the institution of suit in the name of the plaintiff's nominee instead of in its name.

Judgment for the defendant.