DOROTHEA M. JAEKEL, as Executrix, etc., of JOHN H. E. JAEKEL, Deceased, Plaintiff, *v.* JOHN J. WANAMAKER and Others, Defendants.

Supreme Court, Special Term, Kings County, January 2, 1942.

*Clarence B. Campbell*, for the plaintiff.

*Charles H. Kriger*, for the defendants Richter.

MacCrate, J. Judgment may be entered decreeing that the property be sold and the proceeds applied to pay the amounts due to plaintiff and the defendants Richter in such proportions as the amount due to each is to the whole sum due under the bond and mortgage. Plaintiff by her complaint assumed the burden of establishing that the defendants' assignment was subordinate to that of her testator. That burden has not been sustained.

The parties, by their attorneys, appeared and offered documentary proof and a stipulation that the defendants if called would testify they paid $1,000 for their assignment and had no knowledge or notice that an agreement, dated the same day as the assignment, was made between the common assignor and the plaintiff's testator. The answer alleged that there was an assignment duly made of a $1,000 interest to defendants on June 2, 1926, for which they paid $1,000. That allegation was not denied by the reply and, therefore, stands admitted and a finding is made in accordance with the 4th paragraph of the answer. Plaintiff did not prove that the defendants knew of or consented to the subordination.

The plaintiff produced at the trial the original bond and mortgage. She also produced an assignment to her testator of a $2,500 interest in the said bond and mortgage, which assignment was dated and had an acknowledgment of execution on June 2, 1926.

From the acknowledgment and the assignment and possession of the bond and mortgage, plaintiff is entitled to a finding that the bond and mortgage were delivered on June 2, 1926, to the plaintiff's testator, and that finding is made. (*People* v. *Snyder*, 41 N. Y. 397.) But inference cannot be based on inference. Plaintiff, on the inference of possession, is not entitled to a further inference that the assignor delivered the bond and mortgage to the plaintiff's testator before executing on the same day the assignment to defendants. To establish that her assignment is superior, plaintiff offered in evidence an ownership agreement dated on June 2, 1926, whereby the assignor subordinated to the $2,500 interest of plaintiff's testator the interest of the assignor. That agreement has separate acknowledgments for the assignor and plaintiff's testator. The

former acknowledged on June 2, 1926, execution of the agreement. It was not until July 3, 1926, that plaintiff's testator acknowledged the execution. Notwithstanding this subsequent acknowledgment, a finding is made that on June 2, 1926, plaintiff's testator and the assignor entered into the agreement dated that day. No finding can be made that such agreement was made simultaneously with the assignment to plaintiff's testator. The official taking the acknowledgment of the assignor is not the same in both documents. No explanation is given for this fact. Identity of dates does not of itself establish simultaneous execution of documents. It also appears that the assignment to the defendants is acknowledged before the same official who took the acknowledgment to plaintiff's assignment. If identity of date established simultaneous execution, then both assignments would be equal. (*Mott* v. *Richtmyer,* 57 N. Y. 49.) The agreement, as to defendants, was competent only to the extent of establishing that the parties to it were the same as to the assignment and that they did make and deliver the agreement on June 2, 1926. To bind the defendants by that agreement the plaintiff had to establish that when made the assignor still had defendants' interest in the mortgage, or that defendants agreed to the subordination. (*Jones* v. *Phelps*, 2 Barb. Ch. 440, 446.) While for recording purposes assignments of bonds and mortgages are treated as real estate, the interests dealt with are choses in action. Only while in possession of such a chose in action could the assignor make a declaration binding on subsequent assignees thereof. The documents, because duly executed, give rise to presumptions as to the making and delivery on the date and the identity of the parties. But no case has been cited or found which holds that against persons who are not representatives or sureties of the parties to it, an agreement, duly acknowledged, proves the alleged facts recited in it as to a chose in action in absence of evidence that the declarant was still owner of the chose when he made the declaration. In every case relied upon by plaintiff the dates of the instruments established or a concession was made that the prior owner against whom equities could be asserted was such at the time the equities arose. There is a presumption that a status, once established to exist, continues. But in the situation here the benefit of the presumption of total ownership of the bond by the assignor cannot favor the plaintiff any more than the defendants. The plaintiff's difficulty is the absence of preponderating evidence that the agreement claimed to establish a latent equity was made by the assignor while the latter had power to bind defendants' interest in the bond.

In *Koehnken* v. *Annunziato* (248 App. Div. 780) it was held that where an assignment of an interest in a mortgage had been made prior to another assignment by the same assignor of his reserved interest, as against the latter assignee the first assignee could claim the benefit of an unrecorded agreement whereby the common assignor subordinated his interest to that of the first assignee. The record on appeal in that case shows that when the subordination agreement was made the assignor was still the owner of the interest which was later assigned. The first assignment was recorded prior to the execution of the second assignment. The party taking the latter assignment, therefore, had record notice of an outstanding interest in some one other than the common assignor. The cited case is, therefore, authority for the proposition that a subsequent assignee of a part interest in a mortgage cannot assume there is no outstanding equity in the prior assignee simply because the first assignment fails to state the equity. There is risk in failure to inquire as to what is the actual agreement between the common assignor and the first assignee. As the purchaser of real property who is told by the seller that tenants are monthly tenants may find he should have inquired of those in possession to discover their actual rights, so the second assignee is held to undisclosed equities binding the common assignor.

The present case differs from the *Koehnken* case (*supra*) in that there, aside from the ownership or subordination agreement executed by the common assignor, it was established by the date of the assignments and affidavits that one assignment was executed long before the other. Here the dates are the same and no proof was offered by plaintiff aside from the subordination agreement to show a prior execution of the assignment to plaintiff; there the first assignment was recorded; here plaintiff's assignment was not recorded until after defendants' was recorded.

In the absence of evidence establishing priority of the plaintiff's assignment, the parties must be held by their assignments of dollar interests to have become tenants in common of the bond and mortgage. (*Title Guarantee & Trust Co.* v. *Mortgage Commission*, 273 N. Y. 415.)