In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by GEORGE S. VAN SCHAICK, as Superintendent of Insurance of the State of New York, for an Order to Take Possession of the Property and Rehabilitate the NEW YORK TITLE AND MORTGAGE COMPANY.

In the Matter of a Plan for the Readjustment, Modification or Reorganization of the Rights of All the Holders of Mortgage Investments Represented by Series C-2 First Mortgage Participation Certificates Issued and Guaranteed by NEW YORK TITLE AND MORTGAGE COMPANY.

LOUIS H. PINK, Superintendent of Insurance of the State of New York, as Liquidator of NEW YORK TITLE AND MORTGAGE COMPANY, Appellant; FRANK L. WEIL, WILLIAM E. RUSSELL and RAYMOND J. SCULLY, as Trustees of Series C-2, Respondents.

(Appeal No. 1.— Appeal No. 2.— Consolidated Motions.)

First Department, February 11, 1938.

*Joseph Lapidus* of counsel [*William A. Shea*, attorney], for the appellant.

*Abraham J. Halprin* of counsel [*Berle & Berle*, attorneys], for the respondents.

TOWNLEY, J.  Prior to the entry of the order of rehabilitation of the New York Title and Mortgage Company, the company acquired 117 Series C-2 participation certificates of a face value of $106,355.  After the Superintendent of Insurance went into possession as rehabilitator (and later as liquidator), he made a payment of interest due the certificate holders on the Series C-2 issue and paid to himself as liquidator the proportionate share of interest which was due on these 117 certificates.  The object of the present proceeding brought by the trustees of the group of mortgages known as Series C-2 is to recover that interest payment for the benefit of the certificate holders and to have the certificates which are registered in the name of the New York Title and Mortgage Company declared subordinate to the other outstanding certificates.  The matter of subordination was referred by Special Term to a referee who found that the 117 certificates were acquired by the New York Title and Mortgage Company with the intention of discharging the obligations.  The effect of the order entered

herein is to subordinate them to the other certificates and in effect to cancel them.

The group of certificates in dispute is made up (1) of $68,875 face amount, acquired by repurchase from decedents' estates in accordance with the provision of the certificate agreeing to make this purchase on demand; (2) of $7,680, the value of the certificates acquired from one Nellie Schwartz and Bessie B. Timmerman in exchange for other investments, and (3) $29,800, the face value of the certificates acquired for purposes of carrying out collateral agreements, doing favors for friends just prior to insolvency, or settling claims for wrong investments.

As for items (1) and (2), there can be no reasonable difference of opinion. There is nothing whatever in the circumstances of the acquisition of these certificates which would indicate an intention to cancel or discharge them. As for the certificates grouped under item (3), there is some specific explanation for the acquisition of certificates of the face value of $16,050. Neither explanation for the acquisition nor assignments from the holders to the company are to be found covering certificates amounting to $13,750. However, even as to these we find no reason for assuming that there was an intention to discharge the obligation of the company as to this small number of certificates out of the general assets of the company. Whatever value they have should be regarded as a substitute for such of the general assets as was used to purchase them. We, therefore, hold that the acquisition of all the certificates in question was done in the usual course of business of buying and selling certificates and that there is nothing in the transactions as they stand to show an intention of canceling or discharging these instruments.

Assuming the correctness of our finding of fact, the only theory upon which the certificates in the name of the title company could be subordinated to the other certificates is on the theory that where a debtor-creditor relationship exists between an assignor of part of a mortgage and the assignee thereof, the assignee's claims must be satisfied before the assignor's. In the particular case of Series C-2 certificates, the title company itself guaranteed the payment of the certificates and interest due thereon. The legal consequence of a situation in which the debtor-creditor relationship as just discussed exists has been adjudicated in *Matter of Lawyers Mortgage Co. (545 West End Ave.)* (157 Misc. 813; affd., 248 App. Div. 715; affd., 272 N. Y. 554). In that case, however, the certificates did not contain a provision that the interest in the mortgage retained by the title company is " not subordinate to any other shares in said bond and mortgage and is not subject to any prior interest therein."

In the case at bar the provisions of the certificates are:

" This certificate is one of a series of certificates * * * wherein the Company covenants * * * and hereby agrees to and with each and every holder of this certificate, as follows: That there shall be no preference or priority in favor of any share in the deposited bonds and mortgages * * * or of any certificate of interest. * * *

" 2. The Company may be the holder or owner or pledgee of one or more of the said certificates."

The depositary agreement provides: " 8. There shall be no preference or priority in favor of any share in the deposited bonds and mortgages * * * or of any certificate of interest representing the same, as against any other share or certificate, whether held by the Title and Mortgage Company or by any other holder; but each share shall participate equally with every other share in the deposited bonds and mortgages * * * and the proceeds thereof, save as otherwise provided in the said certificates."

Certificates issued under similar contract provisions were before the court for construction in *Matter of Lawyers Mortgage Co. (1399–1413 Madison Ave.)* (151 Misc. 744; affd., 242 App. Div. 617; leave to appeal denied, Id. 629; 265 N. Y. 508). It was held in that case that " mortgage participation certificates which contain provisions that the share or interest represented by a certificate is not subordinate to any other shares, and that the mortgage company, for its own corporate account, may acquire and hold similar shares or interest in such bonds and mortgages, entitle the mortgage company to share equally on its certificates with holders of other certificates of the same issue." In that case there was a debtor-creditor relationship and the company had become the owner of certain certificates in the regular course of business. Both of the cases cited have been mentioned with approval by the Court of Appeals in *Title G. & T. Co.* v. *Mortgage Comm.* (273 N. Y. 415, 421), Judge HUBBS writing as follows: " This court has already decided with reference to similar securities issued by a corporation guaranteeing payment of its own issues that, in the absence of contractual provisions to the contrary, the issuing corporation, where a reservation of the right to purchase for its own account securities of the particular issue was specified in the agreement, may share in proceeds of assets pledged as collateral to the securities issued by it only to the extent of uncanceled certificates held by it. The reason for not permitting the issuing companies to share as owner of the part of the mortgage not assigned was that as between the company and the certificate holders the relation of debtor and creditor existed growing out of the guaranty of payment issued by

it. (*Mechanics' Bank* v. *Bank of Niagara*, 9 Wend. 410; *Matter of Lawyers Mortgage Co.* [*545 West End Ave.*], 157 Misc. Rep. 813; affd., 248 App. Div. 715; affd., 272 N. Y. 554; *Matter of Lawyers Mortgage Co.* [*1399–1413 Madison Ave.*], 151 Misc. Rep. 744; affd., 242 App. Div. 617; leave to appeal denied, 242 App. Div. 629; leave to appeal denied, 265 N. Y. 508.)"

The rule here adduced from these precedents is that when the debtor is privileged to hold certificates on a par with the creditor, the usual equity for a preference in favor of the assignee does not defeat the rights arising out of the special contract provisions.

It is claimed that the money out of which the interest payments were made was money received from assignments of rents, that such moneys are trust funds (*Matter of People* [*Lawyers Title & Guaranty Co.*], 265 N. Y. 20), and that so long as there were unpaid taxes, the title company was not privileged to pay any interest to itself out of this fund. (*Matter of Lawyers Title & Guaranty Co.* [*465 Ocean Ave., Brooklyn, N. Y.*], 162 Misc. 184.) This is undoubtedly the general rule. The difficulty, however, in applying this rule to the facts presented here is that the record wholly fails to establish that these moneys were received from assignments of rent. In fact, the only witness who testified on this subject before the referee definitely stated that he was unable to identify the source of the moneys which composed the interest payments.

The title company at no time agreed to pay the taxes on the property, and as to unpaid taxes the title company was never in a debtor-creditor relationship to the certificate holders. The obligation of the company as guarantor of principal and interest to the certificate holders could obviously in a particular case be completely satisfied without the payment of taxes or other liens on the property if the general funds of the company were sufficient. The obligation to pay taxes arose only on the receipt by the company of moneys on which a trust was impressed in some way for such payments. The record does not trace the source of money herein distributed. The trustees failed to prove their allegations. This makes it unnecessary for us to express any view as to the scope of section 4 of the Schackno Act (Laws of 1933, chap. 745).

It is conceded that the companion order herewith appealed from, directing the repayment of interest in the hands of the liquidator, must be reversed if the certificates are not subordinated.

The orders should be reversed, with costs and disbursements, and the motions denied.

MARTIN, P. J., O'MALLEY, COHN and CALLAHAN, JJ., concur.

Orders unanimously reversed, with costs and disbursements to the appellant, and the motions denied.