LOUIS H. PINK, Superintendent of Insurance of the State of New York, as Liquidator of LAWYERS TITLE AND GUARANTY COMPANY, Plaintiff, *v.* WILLIAM P. THOMAS and Others, as Trustees of Certificated Mortgage Series No. 428617 of LAWYERS TITLE AND GUARANTY COMPANY, Defendants.

MORTGAGE COMMISSION OF THE STATE OF NEW YORK, Intervenor, Defendant.

First Department, June 29, 1939.

*Irving H. Jurow* of counsel [*Jess H. Rosenberg* with him on the brief; *Edward F. Keenan,* attorney], for the plaintiff.

*Frank W. Chambers* of counsel [*Natanson, Pack & Scholer,* attorneys], for the defendants.

*Michael F. Dee* of counsel [*Louis Glickhouse* and *Arthur Rosenberg* with him on the brief; *Maurice Finkelstein,* attorney], for the defendant Mortgage Commission of the State of New York.

UNTERMYER, J. Lawyers Title and Guaranty Company, the holder of a bond and mortgage for $42,300, between July 1, 1932, and until February 1, 1933, sold to the public participating shares therein, represented by certificates, which it guaranteed as to principal and interest. Throughout this period, although the company reacquired and resold some shares or certificates, it retained an interest in the mortgage to the extent of $1,825, which it never sold to the public. On February 1, 1933, it held also an interest of $100, reacquired after sale to the public, which both parties concede to be subordinate to the interest of the certificate holders (*Matter of Lawyers Title & Guaranty Co.* [*Forshay*], 169 Misc. 266; affd., 254 App. Div. 653; affd., 279 N. Y. 571) and, therefore, not involved in the submitted controversy.

The present controversy is concerned only with the right asserted by the plaintiff, as owner of the retained interest of $1,825 in the bond and mortgage, to share ratably with the certificate holders in any proceeds of the mortgage security. Certain principles bearing upon that question are now authoritatively established. It is established that in the absence of a guaranty of payment or other special equity the assignor of part of a mortgage indebtedness is entitled to share equally with his assignee in the proceeds of insufficient security. (*Title Guarantee & Trust Co.* v. *Mortgage Commission,* 273 N. Y. 415.) Where, however, the assignor has guaranteed payment of certificates he is not entitled as owner of a retained portion of the bond and mortgage to share *pro rata* with other certificate holders in the proceeds of the security unless the contract so provides. (*Matter of Title & Mortgage Guaranty Co. of Sullivan County,* 275 N. Y. 347.) The right of the assignor thus to share depends, therefore, upon the existence of a stipulation in the contract of the parties to that effect. (*Matter of New York Title & Mortgage Co.* [*Series C-2*], 253 App. Div. 308; affd., 278 N. Y. 488; *Matter of Title & Mortgage Guaranty Co. of Sullivan County, supra.*) It follows that the terms of the certificates here which express the rights of the certificate holders and the rights reserved to the company are decisive of the case.

The certificates contain the following provision: " Lawyers Title and Guaranty Company hereby assigns to the holder hereof ———— an undivided share of                    Dollars and interest thereon

at the rate of six per cent per annum from the date hereof, in the bond and mortgage hereinafter specified, *equal and co-ordinate with all other shares assigned or retained by the Company*, the aggregate amount of all such shares, *issued and retained*, at no one time to exceed the amount then owing on said bond and mortgage." (Italics ours.) Thus the parties stipulated for equal and co-ordinate rights in the security not only with respect to all other shares " assigned " by the company to other parties but with respect to all shares " retained by the Company." That distinction is confirmed by the provision that all shares " issued and retained " shall " at no one time " exceed the amount due on the bond and mortgage.

The defendants suggest that these provisions should be interpreted to mean that the interest " retained by the Company " is only entitled to participate equally after it has assigned to parties who acquire the position of certificate holders. The answer to that contention is that the certificate does not contain any such limitation. Moreover, if we thus interpret the certificate, it renders superfluous and meaningless the words " or retained by the Company," since the right of other certificate holders, past or future, to participate equally would be fully protected by the word " assigned." Any other interpretation would be inconsistent also with the reference in the certificate to shares " issued and retained " which shall " at no one time " exceed the amount then owing on the bond and mortgage and which suggests the meaning to be ascribed to the word " retained." That provision plainly contemplates that during the life of the certificate an interest in the mortgage may have been " retained " by the company in addition to any certificates that may have been " issued." It is with respect to certificates or shares " retained," though not " issued," that the company is accorded the right of equal participation.

This conclusion is in complete accord with the decision in *Matter of Title & Mortgage Guaranty Co. of Sullivan County* (*supra*), where a certificate containing these and other terms was under consideration. There the certificate provided that upon the collection of the proceeds of the mortgage the company should have the right " out of the proceeds of such collection to retain so much as may remain *after* paying to the holder hereof whatever may be due to such holder of principal and interest on this certificate as herein provided." By another clause in the certificate it was provided that " the share assigned by this certificate shall be a *coordinate lien* with all other certificates of said mortgage now or hereafter issued and *any share retained by the company*." It was strongly

intimated by the court that the latter provision, very similar to the provision under consideration in the present case, would, standing alone, have allowed the company to share ratably with other certificate holders in the proceeds of the mortgage. On account of the presence in the certificate, however, of the other provision which entitled the company to retain only so much as might remain *after* discharging the claims of the certificate holders, the court concluded that the right did not exist. Speaking of the latter provision the court said: " Standing alone, that clause might be read as an expression of intent that in the distribution of the proceeds of the mortgage the assignor and the assignee should share ratably. Read in its context, the clause may be given a narrower application and at most renders less clear the inference which would otherwise be inescapable that the parties intended that the certificate holders should be preferred over the mortgage company in the distribution of the proceeds of the mortgage."

Judgment should, accordingly, be directed in favor of the plaintiff adjudicating that the plaintiff's share, to the extent of $1,825, is equal and co-ordinate with the shares held by other holders of certificates and that the plaintiff is entitled, with respect to said share of $1,825, to a *pro rata* participation in any distribution by the defendants of the proceeds of the bond and mortgage, without costs.

GLENNON and COHN, JJ., concur; MARTIN, P. J., and CALLAHAN, J., dissent.

CALLAHAN, J. (dissenting). The present certificate contains no plain declaration indicating that the company is to share on a parity with certificate holders in the proceeds of guaranteed mortgages. Under the circumstances the shares assigned should have priority over those retained by the company. (*Fullerton* v. *National B. & T. Ins. Co.,* 100 N. Y. 76, 80.)

The language relied on by the company in the present case to support its claim for parity is contained in a document which guarantees to the certificate holder payment of the mortgage. It is found in that portion of the contract defining the interest conveyed under an assignment. Such a certificate purchased by the ordinary investor would not be understood to mean that the purchaser was receiving a guaranty by the issuing company which was to be impaired by reason of the issuing company receiving part of the proceeds of the mortgage in liquidation. Though the intent of the parties, as evidenced by the certificate, should control, the natural equities of the situation should also be

given due consideration in ascertaining that intention. The clause involved makes no reference to the interest to be received or held by the guarantor, nor does it expressly provide that any such interest may be owned or held by the company. A company selling such certificates would not ordinarily sell all of them at the same time, and the clause invoked might well have been understood by the ordinary purchaser to mean that the company was endeavoring to secure to later purchasers equal right with those granted to earlier ones.

The authorities clearly indicate that the relation between a guaranteeing company and a certificate holder raises a presumption that the guaranteed certificate holders are to be paid first. There is no language in the present certificate sufficient to overcome that presumption.

A review of the cases recently decided by our Court of Appeals, in construing various guaranteed certificates, indicates no holding contrary to the view herein expressed. In *Matter of Title & Mortgage Guaranty Co. of Sullivan County* [Series S-2] (275 N. Y. 347) the certificate involved provided that " the share assigned by this certificate shall be a coordinate lien with all other certificates of said mortgage *now* or *hereafter* issued *and any share retained by the company.*" (Italics mine.) In addition, the certificate in that case provided that upon the collection of the proceeds of the mortgage by the assignor it should have the right " out of the proceeds of such collection to retain so much as may remain after paying to the holder hereof whatever may be due to such holder of principal and interest on this certificate as herein provided." The Court of Appeals held that these two clauses read together were insufficient to overcome the presumption that the parties intended that the certificate holders should be preferred over the mortgage company in the distribution of the proceeds of the mortgage. In its opinion in that case, the Court of Appeals did say that the clause assigning a co-ordinate lien, standing alone, might be read as an expression of intent that in the distribution of the proceeds of the mortgage the assignor and assignee should share ratably. That statement did not, however, amount to a holding that such clause, if it were standing alone, would be construed as granting parity. The court was not passing on a certificate where such a clause stood alone. It had before it one which contained other language requiring the construction arrived at. Moreover there was some difference between the wording of the clause involved in the case last cited and that involved in the present case. There the words used indicated that provision was being made concerning the rights of future assignees as well as those of the company. Here no

such intention is expressed. No lien is referred to in the present clause.

In *Matter of New York Title & Mortgage Co.* [*Series C-2*] (253 App. Div. 308; affd., 278 N. Y. 488), the certificate and depositary agreement contained plain and unequivocal language showing that the parties contemplated that the company was to have a ratable share in the distribution of assets. In addition, the documents contained an express provision that the company might be the holder, owner or pledgee of one or more certificates.

In *Matter of People* (*Lawyers Mortgage Co.*) (151 Misc. 744; affd., 242 App. Div. 617) the certificate, in addition to the clause now under consideration, had an express provision that the company might, for its own corporate account, hold similar certificates.

In *Matter of Title & Mortgage Co. of Sullivan County* (*supra*, at p. 356) the court, in commenting on its decision in *Matter of People* (*Lawyers Mortgage Co.*) (*supra*), said: " We are told that this conclusion is inconsistent with the decision of *Matter of People* (*Lawyers Mortgage Co.*) (151 Misc. Rep. 744; affd., 242 App. Div. 617). We denied leave to appeal in that case ' on the ground that the order is not final ' (265 N. Y. 508). Some difference, though slight, in the language of the certificate in that case may, perhaps, be sufficient to distinguish it from this case. We could not review the order made in that case, and we express no opinion now upon its correctness."

*Matter of Lawyers Title & Guaranty Co.* (*Forshay*) (279 N. Y. 571) would seem to be authority for denying parity. The language involved in that certificate was identical with that now under consideration. The court affirmed an order preserving priority to the certificate holders. It is true that there the certificate involved had been assigned and repurchased, but I do not see any rational basis for a distinction between a certificate retained by the company and one reacquired by it, in view of the language contained in both certificates. It was provided that the shares assigned were to be equal and co-ordinate with other shares assigned or retained. Greater rights might be said to be held under shares reacquired than under those retained, for under those reacquired the company succeeded to the rights of former assignees who were not guarantors.

The courts should not seek by refinement of language to construe equivocal statements in a certificate, sold under the present circumstances, so as to afford parity to a company charged with the primary obligation to protect mortgage certificate holders against loss. It should apply the meaning that would be given by the ordinary purchaser to the words found in the agreement. So

construed, it should be held that the presumption that the certificate holder was to be paid first has not been overcome.

Judgment should be for the defendant.

MARTIN, P. J., concurs.

Judgment directed in favor of the plaintiff adjudicating that the plaintiff's share, to the extent of $1,825 is equal and co-ordinate with the shares held by other holders of certificates and that the plaintiff is entitled, with respect to said share of $1,825, to a *pro rata* participation in any distribution by the defendants of the proceeds of the bond and mortgage, without costs. Settle order on notice.