LOUIS H. PINK, Superintendent of Insurance of the State of New York, as Liquidator of GUARDIAN CASUALTY COMPANY, Respondent, *v.* AMERICAN SURETY COMPANY OF NEW YORK, Appellant.

Argued May 20, 1940; decided July 24, 1940.

*E. Myron Bull* and *Andrew E. Stewart* for appellant. The contract is so uncertain with respect to a trust that defendant should be permitted a trial. (*Smith* v. *Bodine*, 74 N. Y. 30; *Everett* v. *De Fontaine*, 78 App. Div. 219; *Hathaway* v. *Clendening Co.*, 135 App. Div. 407; *Freeman* v. *Miller*, 157 App. Div. 715; *Mariner, Inc.*, v. *Hughes*, 235 App. Div. 143; *Hill* v. *Curtis*, 154 App. Div. 662; *Gordon Co.* v. *Garcia Sugars Corp.*, 241 App. Div. 155; *Hutchinson* v. *Birdsong*, 211 App. Div. 316; *Atwater & Co.* v. *Panama R. R. Co.*, 246 N. Y. 519; *Chicago Home for Girls* v. *Carr*, 300 Ill. 478; *Cone* v. *Cullen*, 108 Conn. 126; *Chitwood* v. *Farm Bureau Mut. Automobile Ins. Co.*, 117 W. Va. 797; *Matter of Bacon Co.*, 261 Fed. Rep. 109; *Gillet* v. *Bank of America*, 160 N. Y. 549; *Genesee Wesleyan Seminary* v.

*U. S. F. & G. Co.*, 247 N. Y. 52; *Commercial Bank* v. *Armstrong*, 148 U. S. 50; *Jennings* v. *U. S. F. & G. Co.*, 294 U. S. 216.) The relationship between the parties was contractual and was not one of trust and confidence. There was no special relationship upon which a trust may be predicated. (*Allemannia Ins. Co.* v. *Firemen's Ins. Co.*, 209 U. S. 326; *Mutual Safety Ins. Co.* v. *Hone*, 2 N. Y. 235; *Greenman* v. *General Reinsurance Corp.*, 237 App. Div. 648; 262 N. Y. 701; *Meinhard* v. *Salmon*, 249 N. Y. 458; *Wendt* v. *Fischer*, 243 N. Y. 439; *April* v. *April*, 272 N. Y. 331; *Doyle* v. *Chatham & Phenix Nat. Bank*, 253 N. Y. 369; *Browning* v. *Fidelity Trust Co.*, 250 Fed. Rep. 321; *Fidelity & Deposit Co.* v. *Pink*, 302 U. S. 224; *Railway & Express Co.* v. *United States*, 56 Fed. Rep. [2d] 687; *Jennings* v. *U. S. F. & G. Co.*, 294 U. S. 216; *Britton* v. *Ferrin*, 171 N. Y. 235; *Goodrich* v. *Dunbar*, 17 Barb. 644.)

*Irvin Waldman* and *Alfred C. Bennett* for respondent. Salvage is unmistakably a trust fund under the terms and conditions of the contract which is clear and unambiguous and may not be varied, altered or contradicted, by custom, usage or so-called practical construction. (*Standard Marine Ins. Co.* v. *Westchester Fire Ins. Co.*, 93 Fed. Rep. [2d] 286; *Taylor* v. *Benham*, 5 How. 233; *McKee* v. *Lamon*, 159 U. S. 317; *Greenman* v. *General Reinsurance Corp.*, 237 App. Div. 648; 262 N. Y. 701; *Morris & Co.* v. *Skandinavia Ins. Co.*, 279 U. S. 405; *Kerber Straw Hat Corp.* v. *Lincoln*, 239 App. Div. 727; 266 N. Y. 410; *National Surety Co.* v. *Massachusetts Bonding & Ins. Co.*, 19 Fed. Rep. [2d] 448; *Hall* v. *McMahon*, 10 Abb. Pr. 319; *Mygatt* v. *New York Protection Ins. Co.*, 21 N. Y. 52; *DePeyster* v. *American Fire Ins. Co.*, 6 Paige, 486; *Brainard* v. *New York C. R. R. Co.*, 242 N. Y. 125; *Hopwood Plays, Inc.*, v. *Kemper*, 263 N. Y. 380; *Clark* v. *Carolina Y. R. Ry. Co.*, 225 N. Y. 589; *Carthage Tissue Paper Mills* v. *Village of Carthage*, 200 N. Y. 1; *Britton* v. *Ferrin*, 171 N. Y. 235; *Fidelity & Deposit Co.* v. *Pink*, 302 U. S. 224.) The cause of action asserted against defendant as a fiduciary may not be defeated by

setoffs. (*Pink* v. *Title Guarantee & Trust Co.*, 274 N. Y. 167; *Britton* v. *Ferrin*, 171 N. Y. 235; *Morris* v. *Windsor Trust Co.*, 213 N. Y. 27; *Allaire* v. *Silberberg*, 210 App. Div. 109; *Ritter* v. *Mountain Camp Holding Corp.*, 252 App. Div. 602; *Atkinson* v. *Fox*, 242 App. Div. 707; *Bank of United States* v. *Braveman*, 259 N. Y. 65; *Van Dyke* v. *McQuade*, 85 N. Y. 616; *Kerber Straw Hat Corp.* v. *Lincoln*, 239 App. Div. 727; 266 N. Y. 410.)

Rippey, J. On June 2, 1934, the Superintendent of Insurance of the State of New York was directed by an order of the Supreme Court of Erie County, upon a finding of insolvency, to take possession of the property and affairs of the Guardian Casualty Company, a domestic corporation, and to liquidate its business, pursuant to the provisions of former article XI of the Insurance Law (Cons. Laws, ch. 28). By the terms of that order, the Superintendent was vested with title to all of the property, contracts and choses in action of the insolvent for the purposes of the liquidation. In this litigation, the question arises whether the defendant may offset certain claims which it has against the insolvent arising out of losses it incurred as surety for the insolvent against claims of the liquidator arising out of contracts by which the insolvent reinsured certain risks assumed by defendant.

Prior to the entry of the order of liquidation, the insolvent and the defendant were engaged in the business of insurance and of reinsurance and had entered into two general reinsurance agreements, referred to in the complaint, which applied to risks which each might insure for the other. Plaintiff alleged and defendant admitted that, under such agreements, the Guardian Casualty Company reinsured various risks which the defendant had assumed in the course of its operations, and that the defendant had incurred and paid losses on such risks, had made demand upon the Guardian Casualty Company for its proportion of said losses and had received payment thereof from the latter in the amounts demanded. Plaintiff alleged that thereupon defendant instituted salvage proceedings "on behalf of

itself and Guardian Casualty Company in order to recoup the *said losses* suffered and subsequently did recoup and recover salvage of which Guardian Casualty Company and the plaintiff herein as Liquidator is entitled to the sum of Nine Thousand Six Hundred Eighty Seven and 56/100 ($9,687.56) Dollars," that plaintiff demanded payment thereof less an offset of $413.52 to which defendant was entitled and that payment was refused. Defendant admitted that it instituted the salvage proceedings and recovered the sum mentioned in the complaint but denied that it was entitled to offset only the item set up in the complaint and as partial defenses set forth two other items which it asserts it is entitled to set off and separately alleged that these items were assigned to it subsequent to the date on which the Guardian Casualty Company was declared insolvent by assignments procured without any purpose of using the rights to be acquired by way of setoff. At Special Term an order was made striking out the separate defenses and setoffs and upon appeal the order of the Special Term was affirmed. The complaint, on its face, stated a good cause of action at law as will later appear. The plaintiff thereupon entered judgment for the amount demanded in the complaint with interest and costs. Defendant has appealed to this court by our permission and brings up for review the order of the Appellate Division which affirmed the order of the Special Term striking out the separate and partial defenses and setoffs.

Two general agreements for reinsurance were dated respectively July 16, 1928, and April 1, 1930, and completely fix the rights and liabilities of the parties upon either undertaking reinsurance of specific risks for the other. So far as material to the determination of this suit, the provisions were the same in both contracts and similar to the provisions of the Standard Form of Reinsurance Agreement adopted January 15, 1930, by the Surety Association of America. Under the agreements, specific risks were later assumed by defendant and reinsured, in part, by the Guardian Casualty Company. No territorial limit was

specified within which risks might be undertaken. There being no stipulations to the contrary, there was no privity between the parties first insured by defendant and the reinsurer and no claim for loss could be maintained by those parties against the latter (*Herckenrath* v. *American Mutual Ins. Co.*, 3 Barb. Ch. 63; *Greenman* v. *General Reinsurance Corp.*, 237 App. Div. 648; affd., 262 N. Y. 701). The risks of defendant incurred under its original insurance policies were the sole objects of the reinsurance (*Mutual Safety Ins. Co.* v. *Hone*, 2 N. Y. 235; *Jackson* v. *St. Paul Fire & Marine Ins. Co.*, 99 N. Y. 124). The agreements were to indemnify the defendant only for losses incurred by the latter of specific risks. Arising out of the losses on those specific risks, the salvage referred to in the complaint was obtained.

Under the agreements the Guardian Casualty Company, as reinsurer, received no collateral or indemnity of any kind. It was provided that " the reinsured [defendant in this case] shall take charge of all matters arising " under the bond in connection with claims. " It shall decide whether or not it is liable thereunder, and shall determine the amount of its liability in case it decides that it is liable. It shall settle or compromise any claims, and defend, settle, or compromise any suits and take such other action, not involving the extension of credit or the advancing of money, in connection with any claim matter arising under the bond, as it may deem advisable. Any such decision, determination, settlement, defense, compromise or other action of the reinsured in connection with any claim matter arising under the bond shall be final and conclusive and unconditionally binding upon the reinsurer. * * * The reinsured's authority to handle and settle claims in accordance with its own judgment as outlined above shall not be annulled, abridged, or otherwise affected if the reinsured consults the reinsurer, by letter, in conference, or otherwise, with reference to such handling and settling of claims " and the reinsurer shall stand its proportionate share of any loss under the bond and of costs and expenses and interest as defined by the terms of the agreement. Sole control and

direction of any claims and suits were thus in the hands of the reinsured, and its action and determination thereon, in the absence of fraud or bad faith, were conclusive on the reinsurer. The reinsurer, however, was entitled, under the contract, to share with the reinsured any collateral security or indemnity held by the reinsured or any right of action possessed by the reinsured in connection with the bond and to share with the reinsured any salvage or recovery in the proportion that the amount 'of reinsurance bore to the amount of the bond.

Thus, under the terms of the contract the reinsurer was entitled to its proportion of the salvage recovered by defendant. Nevertheless, only defendant was permitted to secure it in the first instance. `The Guardian Casualty Company could not question any decision made or action taken by defendant in connection therewith. Nevertheless, defendant was bound to act in good faith. By the express terms of the contracts the agreements were " regarded by the parties hereto as an honorable engagement rather than as a mere legal obligation." The salvage was received for a specific purpose, by the terms of the contracts, to reimburse both the reinsured and reinsurer proportionately for their losses. Out of its receipt, no relation of debtor and creditor was created. In relation to any salvage collected to recoup losses on specific risks under the reinsurance contracts the reinsured was a trustee for the reinsurer as to moneys in its hands belonging to the latter or to be applied to a specific purpose (*Kane* v. *Bloodgood,* 7 Johns. Ch. 90, 110; *National Surety Co.* v. *Massachusetts Bonding & Ins. Co.,* 19 Fed. Rep. [2d] 448, 452; *Taylor* v. *Benham,* 5 How. [U. S.] 233, 274; *McKee* v. *Lamon,* 159 U. S. 317) and an action at law might be maintained to recover the proportion to which the plaintiff was entitled (*Kane* v. *Bloodgood, supra*).

Defendant may not avoid the above result by proof of general custom or usage for such may not be interposed to alter, vary or contradict unambiguous contractual provisions or modify or change legal obligations assumed by the parties under their contracts (*Kerber Straw Hat Corp.* v. *Lincoln,* 266 N. Y. 410).

The risks which the defendant assumed and as to which it sustained losses which it sought to set off against the plaintiff's cause of action had no connection with the reinsurance contracts. The Guardian Casualty Company sought to do business in the State of Louisiana. As a condition precedent to its right to do business in that State it was required to file a bond with the Secretary of State with an approved surety for fifty thousand dollars for the purpose of guaranteeing prompt payment of all claims arising and accruing to any person during the term of the bond by virtue of any contract of insurance or indemnity or fidelity or guarantee contracted in the State whenever such payment should become due and should promptly pay any judgment obtained arising out of any such contract. (Act No. 58 of the Extra Session of the Legislature of the State of Louisiana for the year 1921.) It thereupon applied to the defendant for a surety bond and in that application agreed to " indemnify and save the surety harmless from and against every claim, demand, liability, cost, charge, counsel fee * * *, expense, suit, order, judgment and adjudication whatsoever." Upon that agreement the bond was executed and filed. It was upon that agreement that claims are presented against the Guardian Casualty Company by the defendant. The Guardian Casualty Company delivered its workmen's compensation and employers' liability policy of insurance to the Great Southern Lumber Company whereby it agreed to protect that company and its subsidiaries, among which was the Bogalusa Paper Company, Inc., from claims under the Workmen's Compensation Law. The setoffs are based upon payments by the defendant under its surety bond of awards to claimants against those companies duly made under the Workmen's Compensation Law. Prior to insolvency, the Guardian Casualty Company paid these awards as they became due. From and after its insolvency it failed to pay and the defendant was required to make those subsequent payments. Thus any claim against the plaintiff in this action arose subsequent to the time of his appointment as liquidator.

Offsets are allowable in the event only that they come within the permissible provisions of former section 420 of the Insurance Law (now section 538, subd. 1) which provide, with exceptions not here material, that "in all cases of mutual debts or mutual credits between the insurer and another person, such credits and debts shall be set off and the balance only shall be allowed or paid." It is clear from the above that the claims of the parties to this action were not held in the same right, that at the time of the insolvency there was no debt in so far as the offsets claimed by the defendant were concerned and there were consequently no mutual debts within the meaning of the above-cited provision of the Insurance Law (*Morris* v. *Windsor Trust Co.*, 213 N. Y. 27; *Pink* v. *Title Guarantee & Trust Co.*, 274 N. Y. 167, 175, 176). In 1934 after compromise and payment of the claims by defendant, assignments were made and delivered by the Great Southern Lumber Company to defendant of the claims of the former against the Guardian Casualty Company, but that fact does not change the result.

The judgment appealed from should be affirmed, with costs.

LOUGHRAN, FINCH, SEARS and LEWIS, JJ., concur; CONWAY, J., dissents; LEHMAN, Ch. J., taking no part.

Judgment affirmed.