In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by GEORGE S. VAN SCHAICK, as Superintendent of Insurance of the State of New York, for an Order to Take Possession of the Property and Liquidate the NEW YORK TITLE AND MORTGAGE COMPANY.

In the Matter of the Liquidation of the NEW YORK TITLE AND MORTGAGE COMPANY. (Plan for Reorganization of Series Q-1.)

LOUIS H. PINK, Superintendent of Insurance of the State of New York, as Liquidator of NEW YORK TITLE AND MORTGAGE COMPANY, Appellant; FREDERICK R. CRANE and Others, Trustees for Holders of Series Q-1 First Mortgage Participation Certificates, Respondents.

First Department, November 22, 1940.

*Irving H. Jurow* of counsel [*William A. Shea*, attorney], for the appellant.

*Abraham J. Halprin*, for the respondents.

MARTIN, P. J. The trustees for the holders of Series Q-1, first mortgage participation certificates, issued and guaranteed by the New York Title and Mortgage Company, have in their possession $3,432 of principal and $1,264.11 of interest to the credit of certificates in the sum of $14,300 outstanding either in the name of the New York Title and Mortgage Company and/or the Superintendent of Insurance of the State of New York as its liquidator. The trustees have filed a claim against the Superintendent as such liquidator in the sum of $4,708,065.77, based on outstanding certificates. The order appealed from authorizes the trustees to apply the existing credit in favor of the liquidator by way of offset on the claim of the trustees against the company in liquidation.

Offset is permissible where mutual debts and credits exist. (Insurance Law, § 538, subd. 1; *Morris* v. *Windsor Trust Co.*, 213 N. Y. 27; *Beecher* v. *Vogt Mfg. Co.*, 227 id. 468.) Debts and credits to be mutual must be due from the same persons in the same capacity. (*Dale* v. *Cooke*, 4 Johns. Ch. 11.) They cannot be liabilities held in inconsistent relations. (*Morris* v. *Windsor Trust Co., supra.*)

The relation between the trustees and the Superintendent as a certificate holder of this issue is that of fiduciary and *cestui*. (*Matter of New York Title & Mortgage Co.* [*381–383 Park Ave.*], 163 Misc. 318; affd., 254 App. Div. 722.) There is no dispute concerning parity here, as it is conceded that all certificate holders have the right to receive from the trustees interest and principal distributions. The Superintendent, therefore, is entitled to share in the proceeds of the underlying bonds and mortgages equally with the other certificate holders. (*Matter of New York Title & Mortgage Co.* [*Series C-2*], 253 App. Div. 308; affd., 278 N. Y. 488.) It is sought to qualify the rights of the Superintendent on the ground that this trust is not solvent; it is urged that the trustees possess the right to claim any deficiency on behalf of the holders of the certificates, and that the respective rights and liabilities are measured by the certificates, policies of guaranty, and depositary agreement.

Assuming that the trustees have a claim on the guaranty as distinguished from the claim of the individual certificate holders, such claim is one against the title company and its estate in liquidation; it arose prior to the date of the liquidation, and is one which they hold for the benefit of all of the certificate holders, including the Superintendent. The guaranty of payment of the certificates gave rise to the relation of debtor and creditor between the company and the certificate holder. (*Title Guarantee & Trust Co.* v. *Mortgage Comm.*, 273 N. Y. 415.) The claim of the Superin-

tendent is asserted in his capacity as statutory receiver of the title company with respect to funds payable and distributable upon the certificates subsequent to the time the company was placed in liquidation. As has been pointed out, the relation between the trustees and the Superintendent, so far as the certificates are concerned, is that of fiduciary and *cestui*.

In *Chicago Architectural Iron Works* v. *McKey* (93 Ill. App. 244) it appeared that a receiver had been appointed for Great Northern Theatre and Hotel Company; the receiver demanded that the iron works pay rent which had accrued partly before and partly after the possession of the receiver; the iron works claimed that it had a valid offset for work and materials furnished the hotel company before the appointment of the receiver; it was held the receiver was entitled to rent accruing after his appointment. The court said: " It is unnecessary to consider the question as to whether any set-off is allowed to the debtor of an insolvent as against the claim of a receiver who represents the creditors, even when the set-off is urged against a claim due to the insolvent before the receivership. For in no event could a claim of the debtor, which had accrued before the receiver was appointed, be set off as against a claim which had accrued after the receiver was appointed, and was therefore due to the receiver, and had never been due to the insolvent. The claim as here allowed was for rent due to the receiver by reason of his having permitted the appellant to occupy the premises which were under his control as receiver. This claim and the claim of appellant against the Great Northern Theatre and Hotel Company can not be treated as such mutual claims, due in the same capacity, as to permit of an application of the doctrine of set-off. *Singerly* v. *Fox*, 75 Pa. St. 112."

A situation somewhat similar to the one now before us was presented in *Hood* v. *Brownlee* (62 F. [2d] 675). There a bankrupt was indebted to a bank in a sum exceeding $41,250, and, after adjudication, the trustee in bankruptcy deposited in the bank funds realized on the sale of assets of the bankrupt. The bank became insolvent and was taken over by the State Commissioner of Banks, at which time the sum on deposit to the credit of the trustee was $15,757.64. The Commissioner of Banks claimed that he was entitled to set off the $41,250 debt of the bankrupt against the balance on deposit, or that he was, at least, entitled to an order directing that the trustee in bankruptcy be allowed to set off merely the dividends on the claim against the insolvent bank against the dividends due on the claim against the bankrupt estate. It was held that the bank could not set off the bankrupt's debt to the

bank against the trustee's deposit in the bank.  Judge PARKER, writing for the Circuit Court of Appeals in the Fourth Circuit, said: " It is perfectly clear that the bank had no right to set off the debt of the bankrupt against the deposit of the trustee, for the reason that the debt due by the bankrupt to the bank and the debt owing by the bank to the trustee on account of the deposit were not mutual debts or credits within the meaning of section 68 of the Bankruptcy Act, 11 U. S. C. A. § 108; *Western Tie & Timber Co.* v. *Brown*, 196 U. S. 502; 25 S. Ct. 339; 49 L. Ed. 571. And see note in 71 A. L. R. at page 806, and cases there cited. They were not owing by and to the bank ' in the same right.' The claim of the bank arose out of the individual debt of the bankrupt, and the only liability of the trustee with respect thereto was to apply upon it a *pro rata* portion of the assets of the bankrupt estate under the order of the court of bankruptcy.  The liability of the bank on the deposit made by the trustee was to the trustee as representative, not of the bankrupt alone, but also of the creditors of the bankrupt estate.  If the bankrupt himself had made the deposit with a view of giving the bank a preferential payment on its claim, the bank would not have had the right of set off.  *Citizens' Nat. Bank* v. *Lineberger* (C. C. A. 4th), 45 F. (2d) 522, 529.  *A fortiori*, the bank may not obtain a preference by setting off a debt due by the bankrupt against estate funds deposited by the trustee."

To allow an offset here would be to grant one group of certificate holders a preference.

The order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion denied.

UNTERMYER, COHN and CALLAHAN, JJ., concur; TOWNLEY, J., taking no part.

Order unanimously reversed, with twenty dollars costs and disbursements, and the motion denied.