In the Matter of CONSOLIDATED INDEMNITY AND INSURANCE COMPANY.*

Supreme Court, Special Term, New York County, March 23, 1941.

*Alfred C. Bennett* [*Benjamin Potoker* of counsel], for the motion.

*Stewart Maurice*, opposed.

EDER, J. Motion for a turnover order in liquidation proceedings. This controversy involves the status of a fund in the possession of the respondent, the status of the parties, and the right of the respondent to assert offsets with respect thereto.

It appears that the Consolidated Indemnity and Insurance Company (now in liquidation) and the Hartford Accident and Indemnity Company, prior to liquidation, entered into a reinsurance agreement which applied to risks which each might insure for the other. From the record before me I find that but one such agreement was made which is dated April 1, 1930, and as to continuance and

---

* Affd., 262 App. Div. 724.

termination appears to be one *ad voluntatem*. The petition alleges that the parties entered into " numerous " contracts of reinsurance; the respondent, in turn, asserts that but " one " contract of reinsurance was entered into, the one dated April 1, 1930. This appears to be so, for I find no other contract. Under said contract various risks were brought within it by offer and acceptance as therein provided. It may be that when petitioner refers to " numerous " contract of reinsurance, he assumes the premise that each such offer and acceptance constitutes a separate contract of reinsurance, and if this is so, I do not agree therewith, for I think it is clear that but one contract of reinsurance exists which applies to and includes subsequent risks brought in through later offers and acceptance. This seems to me to be clear from paragraph " 2 " of the agreement, reading as follows: " That offerings of such reinsurance may be made by means of instruments executed in duplicate counterparts, of a form substantially agreeing with the sheet attached entitled ' Offer of Reinsurance,' and made a part hereof." The " Offer of Reinsurance " contains the following: " Subject to the terms of the General Reinsurance Agreement now in effect between our two companies, we hereby offer you the following reinsurance: " It is also provided (¶ " 4 ") that offerings for reinsurance may be made by ordinary correspondence or orally and may be accepted similarly and when such offerings are made and accepted, the reinsurance so effected shall be subject to the agreement. I, therefore, feel that it would be doing violence to the language of the agreement to so construe it as to hold that each offer and acceptance constituted a new contract of reinsurance. Nor do I think the parties so intended.

Paragraph " 10 " of the agreement, so far as material here, provides: " The Reinsurer and the Reinsured shall share any salvage or recovery * * * made by either on account of any loss in the proportion defined in section 2 hereof " (the proportionate shares of the risk). The petition alleges that prior to the liquidation of the Consolidated Company, the respondent Hartford Company, as reinsured, paid losses on certain risks (described in Exhibit C) reinsured by the Consolidated Company and made demand upon it for its proportionate share of said losses and received payment from the Consolidated Company in the amounts demanded, and that under the terms of the reinsurance agreement Consolidated became entitled to share with Hartford in salvage or recovery of the aforesaid losses in the proportion that the amount of reinsurance ceded to Consolidated bore to the amount of the risk reinsured; that Hartford collected salvage on account of the said losses; that under the terms of said reinsurance agreement Con-

solidated (and the liquidator thereof) became entitled to the afore-mentioned sum of $2,291.73 as their share of said salvage collected by Hartford. The respondent Hartford admits that it collected salvage upon the claims enumerated in Exhibit C and that the share of Consolidated in ·the salvage so col'ected, less salvage expenses, is correctly set forth in that exhibit But it contends that the petitioner is not entitled thereto for the reason that neithei Consolidated nor petitioner-liquidator has discharged Consolidated's obligation to respondent under the reinsurance agreement; that the amount of Consolidated's obligation to respondent arising out of the reinsurance agreement is $2,549.42; that respondent duly filed proofs of claim for said amount; that the liquidator herein duly accepted and allowed the same; that no dividends have been paid or other payments made to respondent with respect thereto; that Consolidated (and liquidator) are indebted to respondent for $2,549.42 or $257.69 more than the share of Consolidated in the salvage collected by respondent and that it is entitled to assert a setoff against petitioner's claim.

In reply petitioner contends that the respondent cannot avail itself of such setoff and that the court in *Pink* v. *American Surety Co.* (283 N. Y. 290) has held in construing a provision like paragraph " 10," quoted above, that the reinsured is a trustee with respect to salvage collected — that it constitutes a trust fund — and that the reinsured, therefore, cannot offset against petitioner's claim any c'aim possessed by respondent in an individual and not in a fiduciary capacity

In respect of offsets in rehabilitation or liquidation proceedings, section 538 of the Insurance Law, entitled " Offsets," in subdivision 1 thereof, provides: " In all cases of mutual debts or mutual credits between the insurer and another person in connection with any action or proceeding under this article, such credits and debts shall be set off and the balance only shall be allowed or paid, except as provided in subsection two."

In *Pink* v. *American Surety Co.* (*supra*) and in *Pink* v. *Title Guarantee & Trust Co.* (274 N. Y. 167) the court stressed the point that with respect to the offsets there asserted they had no connection with the reinsurance contracts and also that the claims of the parties were not held in the same right. The court also held: " In relation to any salvage collected to recoup losses on specific risks under the reinsurance contracts the reinsured was a trustee for the reinsurer as to moneys in its hands belonging to the latter or to be applied to a specific purpose." (*Pink* v. *American Surety Co., supra*, p. 296.) The court in the same case also held that by the terms of the reinsurance contract the salvage is

received for a specific purpose, to reimburse both the reinsured and reinsurer proportionately for their losses and that out of its receipt no relation of debtor and creditor is created (p. 296). It is thus clear that the salvage collected constitutes a trust fund and that a fiduciary relationship is created, and that to be permissible as an offset the debts and credits to be mutual must be due from the same persons in the same capacity. (*Pink* v. *Title Guarantee & Trust Co., supra*, p. 176; *Matter of N. Y. Title & Mortgage Co.* [*Series Q-1*], 260 App. Div. 729.)

The crux of the matter is, I think, thus reduced to the status of Consolidated and Hartford. Under the cases, as I interpret them, each of the parties to the reinsurance contract occupied a corresponding status of trustee with regard to the salvage. In the case at bar, it is to be noted that the subject-matter of the offsets stems out of the reinsurance agreement upon which petitioner's claim for salvage is predicated; that they are not wholly unrelated to the reinsurance agreement; that in the instant case the offsets asserted have a direct connection with the reinsurance contract and that respondent seeks to apply salvage recovered under the reinsurance agreement against claims for losses arising out of the same agreement. That element is absent in the cases hereinabove mentioned, and I think that its presence here is the distinction, and, therefore, I am of the opinion that the offsets asserted are available to the respondent, and that the claims of the parties are held in the same right.

From the foregoing it thus appears that petitioner is not entitled to receive said sum of $2,291.73, but is merely entitled to a credit therefor and the application is, therefore, denied.

In view of the disposition made, it is unnecessary to pass upon the point made by respondent, relating to procedure. Settle order.