CITY NATIONAL BANK AND TRUST COMPANY OF GLOVERSVILLE, Respondent, v. GLOVERSVILLE LEATHER, INC., Appellant.

Third Department, October 24, 1974.

*Ellenbogen, Klein, Appel & Goldman* (*Martin W. Goldman* and *Howard L. Klein* of counsel), for appellant.

*Maider, Smith & Maider* (*Lydon F. Maider* of counsel), for respondent.

STALEY, JR., J. P. This is an action to recover damages arising out of the breach of two collateral loan agreements dated July

21, 1972 and August 4, 1972 between plaintiff, City National Bank and Trust Company of Gloversville, the Fulco Leather Corp., and defendant Gloversville Leather, Inc. The two agreements are identical except as to dates, the quantity of skins, and the amount of the loans secured. Pursuant to the agreements Fulco was to acquire with the proceeds of the loans made by plaintiff, in one agreement $13,500 and the other $17,000, a quantity of pickled sheep skins which were assigned to the bank as collateral security for the loans. The skins were to be delivered to defendant Gloversville Leather, Inc. for tanning, defendant having agreed to hold the skins as agent of and custodian for plaintiff. Provision was made for the withdrawal from the custody of defendant any of the skins upon payment to plaintiff of the pro rata value of the portion to be withdrawn together with any charges due to defendant, but only upon oral or written notification that plaintiff was authorizing such withdrawal.

The agreements also provided that in the event Fulco defaulted in payment, plaintiff could, in addition to any rights it might have under the notes, sell the skins then remaining in the custody of defendant at public sale, on six days' notice to Fulco, and apply the net proceeds after deducting the expenses of the sale and the charges due to defendant, to any indebtedness of Fulco to plaintiff. Fulco defaulted in payment on the notes, and on July 24, 1973, plaintiff, by letter, requested defendant to advise it in writing of the number of skins being held, the stage of processing thereof, and the amount of defendant's unpaid charges. It was then ascertained that defendant had turned over all of the skins except 80 dozen to Fulco. This had been done without written or oral authorization by plaintiff. On or about August 20, 1973, plaintiff commenced this action against defendant to recover damages allegedly resulting from the unauthorized deliveries in the amount of $62,232.50. In its answer, defendant admitted delivery of the skins to Fulco, but denied that such delivery was without authorization.

On or about November 7, 1973, plaintiff moved for summary judgment. In its reply affidavit, defendant asserted that over a period of seven years Fulco had financed 18 skin purchases through plaintiff pursuant to identical agreements, and that a course of conduct or practice developed with the knowledge of plaintiff whereby defendant would release those skins with respect to which Fulco had given notice to defendant that it had made partial payment to plaintiff without prior authorization by plaintiff, and thereafter an approval was received. On this basis, defendant contends that plaintiff waived the release pro-

visions in the agreements. In its reply affidavit, plaintiff denied any knowledge of such a course of conduct or practice.

Special Term granted summary judgment except as to amount of damages for which it ordered a trial. In granting summary judgment, the court said: '' Though the positions of the parties create an issue of fact, the evidence offered by defendant would not be admissible upon the trial. The language of the contract is clear and unambiguous. * * * It may not be varied by parol evidence to establish that some other meaning or intent of the parties existed prior to and at the time of the making of the contract. * * * The evidence offered can have the effect only of varying the unambiguous words in which the parties chose to record their present agreement (*Pink* v. *American Sur. Co.*, 283 N. Y. 290, 296; Richardson on Evidence [9th ed.], § 602).''

We agree with the determination of Special Term. The alleged course of conduct or practice prior to the execution of the agreements may not be used to alter, vary, contradict or change the legal obligations assumed by the parties under the agreements, even if known to plaintiff. (Cf. *Aratari* v. *Chrysler Corp.*, 35 A D 2d 1077.) The fact that written authorization was subsequently received after delivery does not establish that plaintiff had prior knowledge of the deliveries. The conclusory statement of knowledge without supporting evidentiary facts does not necessarily create an issue of fact. The order of Special Term should, therefore, be affirmed.

The order should be affirmed, with costs.

SWEENEY, KANE, MAIN and REYNOLDS, JJ., concur.

Order affirmed, with costs.