■ JAMES J. EISERT et al., Appellants, v ERMCO ERECTORS, INC., Respondent. HEAVY LIFT EQUIPMENT CORP., Respondent, v ERMCO STEEL ERECTORS, INC., Respondent.—In consolidated actions, *inter alia,* on certain contracts, plaintiffs in the first above-captioned action (hereafter referred to as the Eisert plaintiffs) appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County, entered March 8, 1977, as dismissed their complaint and failed to award them judgment on their cross claim. Judgment reversed insofar as appealed from, on the law, without costs or disbursements, and new trial granted as between the Eisert plaintiffs and defendant and as between the Eisert plaintiffs and plaintiff Heavy Lift Equipment Corp. (Heavy Lift) as to the Eisert plaintiffs' cross claim. The trial court properly determined, after a nonjury trial, that the total billings of the Eisert corporations (some of which are the predecessors of Heavy Lift, the rest are the plaintiffs in the first-captioned action) were $909,170.14, and the total payments made by defendant were $846,023.56. This leaves a balance owing to the plaintiffs in both of the above-captioned actions in the sum of $63,146.58. Based on the trial court's conclusion, as stated in its decision, that "there was a discount intended but the specific amount cannot be ascertained", it held that the Eisert corporations "have been paid in full." We disagree. The contracts herein were for rentals of cranes used in construction; they were set forth in seven identical (except for price) written rental agreements between July 26, 1972 and June 20, 1974, as well as in oral rentals. In each of the written agreements a specific monthly rental was set forth; in the oral rentals they were set forth in invoices. There was no mention of discounts in any of the written agreements. As to the oral rentals, there was no evidence that upon receipt of any of the invoices the defendant complained of their failure to provide for discounts. The testimony of defendant's principals was to the effect that over the course of many years prior to the rentals herein it had been the practice of the Eisert entities to "grant discounts" (albeit not in uniform percentages) after the construction contracts were completed, and that for that reason defendant would not question the prices set forth in the written contracts or in the invoices. Various explanations were offered for such "overcharges", to wit: "bookkeeping", "insurance", "to cover [the lessors] in case of a failure", and "the construction business * * * is a very trusting business * * * all the niddy griddy *[sic]* doesn't come out as a legal contract." It is to be noted that defendant did not present any evidence as to

what the discount would have been on the transactions herein involved. For this court to permit discounts to be granted on this record would require complete disregard of the parol evidence rule set forth in section 2-202 of the Uniform Commercial Code. Whatever the course of conduct between the parties may have been with respect to rental agreements prior to those involved herein, it may not be used to contradict the terms assumed by the parties under the disputed agreements, especially as to so vital an item as the price (see *City Nat. Bank & Trust Co. of Gloversville v Gloversville Leather,* 45 AD2d 508). A new trial is necessary to determine what part of the said $63,146.58 is owing to the Eisert plaintiffs in their action. We do not address ourselves to the complaint of Heavy Lift in its action against the common defendant since Heavy Lift has not appealed from the dismissal of its complaint. There also remains for disposition at the trial the issue raised in the cross claim of the Eisert plaintiffs against Heavy Lift, in which those plaintiffs allege that Heavy Lift received payments from the defendant which should have been credited to them. Mollen, P. J., Titone, Rabin and Margett, JJ., concur.